Myron Hale
P.O. Box 180456
Los Angeles CA 90018
323-657-5908
bjapply@yahoo.com
Plaintiff Pro Per



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Myron Hale

  Plaintiff,

v.

U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, does 1-6

  Defendant

Case No.: 2:22-cv-00132-JAK-JPRx

COMPLAINT FOR:

WRONGFUL FORECLOSURE

JURY TRIAL DEMANDED

**JURISDICTION AND VENUE**

1) District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs..." and is between citizens of different states, 28 U.S.C. § 1332.

2) "Place of residence is prima facie the domicile." *State Farm Mut. Auto.Ins. Co v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Since the filings of the complaint, Plaintiff has been and continues to be a citizen of California. Thus, a

1

PLAINTIFF'S COMPLAINT FOR WRONGFUL FORECLOSURE

preponderance of the evidence demonstrates that Plaintiff is domiciled in California and, as a result, is a citizen, for diversity purposes, of California.

3) Defendant is a national banking association. A national banking association's citizenship is determined solely by the location of its main office as designated in its articles of association, 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Defendant's main office is located in Delaware. Thus, Defendant is a citizen of Delaware.

4) There is more than $75,000 in controversy in this action. Plaintiff seeks damages in the amount of $950,000.00 and as unspecified amount in punitive damages.

5) Accordingly, this court has jurisdiction over this action because the requirements of 28 U.S.C. § 1332(d) are satisfied.

**PARTIES**

6) Plaintiff, Myron Hale, is the borrower, mortgagor, and homeowner that resided in a foreclosed property located in Los Angeles California. He brings this action on behalf of himself.

7) Defendant, U.S. Bank Trust N.A., as Trustee for LSF9 Master Participation Trust, is the lender in a foreclosed property that plaintiff resided. Notwithstanding the materially defective Assignments filed by defendant with the Los Angeles County Recorder's Office, the Substitution of Trustee executed on September 30, 2016, by defendant was defective, invalid and inadmissible. Pursuant to the Deed of Trust, executed on October 7, 2007, paragraph 24, the name of the original lender must be listed on the instrument, however it was omitted. Paragraph 24 states…The instrument shall contain the name of the original lender, Trustee and Borrower. The Borrower, plaintiff, Myron Hale, was listed on the instrument, but not defendant, U.S. Bank et al., see exhibits.

**FACTUAL ALLEGATIONS**

8) Based on the above invalid and defective Substitution of Trustee assignment, defendant's Notice of Default, executed on October 17, 2016, the Assignment of the Deed of Trust, executed on February 9, 2017, are all invalid and inadmissible. Moreover, the Notice of Trustee Sale and the

Trustee's Deed Upon Sale, and the Three Day Notice to Quit are all invalid, inadmissible and voided.

9) Defendant filed an illegal unlawful detainer action on May 22, 2019, that should have never occurred. The plaintiff in the unlawful detainer case, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ( defendant in this action ) is not the plaintiff. It is a sham entity, it doesn't exist, and the claim is a nonexistent claim.

10) U.S. Bank, N.A., and U.S. Bank Trust , N.A. are different entities. U.S. Bank N.A. is non-existent in any cases involving LSF9 Master Participation Trust. U.S. Bank Trust, N.A. is not a national bank, it is U.S. Bank N.A., these are different entities.

11) Plaintiff in the UD action is actually LSF9 Master Participation Trust. This trust consist of holders of certificates issued in the name of the trust. The holders of the certificates are merely unsecured creditors of the trust, if it actually exist. Defendant has never provided any identification of the certificates nor any identification of the holders of the certificates. After numerous requests, Defendant and defendant's counsel have steadfastly refused to provide any identification whatsoever.

12) The unlawful detainer complaint was asking for relief for unnamed claimants. If the defendants did identify the certificates, or attach a sample to the complaint, the Court would easily see that the certificates do not convey any right, title, or interest to any debt, note or mortgage, nor any payment or proceeds arising from any loan. Thus no claim could be made for a loss on an investment that does not exist. There is no investment in loans - directly or indirectly. U.S. Bank Trust does not represent the interests of investors in the certificates.

13) U.S. Bank Trust does not represent the interests in the certificates. Accordingly, any lawsuit that introduces U.S. Bank Trust as part of the name of a plaintiff is fraudulent, misrepresenting facts, and misleading the court.

14) Based on the foregoing, jurisdiction was lacking even though the unlawful detainer case went all the way through foreclosure and eviction proceeding. Inasmuch as jurisdiction was lacking, then any orders, motions, etc., for or against either party would be void.

15) Defendant's counsel, Randall Naiman, claims that he is the retained attorney in court documents for U.S. Bank Trust. This is false, as there is no retained agreement or any agreement of any kind between Mr. Naiman and U.S. Bank et al., in this action.

16) After numerous requests by plaintiff, defendant has never provided any evidence that identifies defendant, as well as providing defendant's main office address, telephone number, and the name of a management level employee that has the authority to sign for defendant.

17) The California Supreme Court has held that the issue of lack standing is not waived and may be raised at any time in a legal proceeding, including Appeal. ( See Common Cause v. Board of Supervisors ( 1989 ) 49 Cal. 3d 432, 438-439 [261 Cal. Rptr. 574, 777 P.2d 610].)

18) The defendant has been bringing fraud not only to California Courts, however, they have brought fraud to the entire judicial system in America. They are primarily involved in cases related to foreclosure and other real estate matters.

19) There is no retainer agreement or any type of agreement between counsel for U.S. Bank et al., The Naiman Law Group, and defendant, U.S. Bank et al., in this action. Counsel for U.S. Bank et al. has admitted this fact in court documents.

20) The District Court should require and or order Mr. Naiman to produce a retainer agreement, or any agreement, inasmuch as he claims that he is the retained counsel for U.S. Bank et al.

## VII.   CONCLUSION

Based on the aforementioned, plaintiff has clearly demonstrated that plaintiff will prevail on the claim, based on the following:

1) Defendant   ( Plaintiff in UD case ) has no claim. The Unlawful Detainer lawsuit was filed with no claimants. The UD complaint is asking for relief for unnamed claimants.

2) Defendant has no standing. The defendant is a sham entity, U.S. Bank Trust, N.A., as Trustee for LASF9 Master Participation Trust.

3) Counsel for defendant refused to identify defendant after numerous requests.

4) Counsel for defendant does not have a retainer agreement with defendant or any contract with defendant indicating that counsel has authority to represent defendant in this action.

5) The trial court has no jurisdiction, as the court lacked jurisdiction because the document the defendant relied on is materially defective, and defendant is also in violation of Article VII of their own bylaws, as the document was not signed by an officer of U.S. Bank et al., see also item 8 to follow.

6) Defendant violated the Protecting Tenants at Foreclosure Act, a Federal and California law, by filing the unlawful detainer lawsuit, after being made aware that there was a bona fide tenant at the property prior to filing. Defendant confirms acknowledgment via letter. Defendant prematurely filed the unlawful detainer action. Defendant's letter never provided a date to return a copy of the tenants lease agreement.

7) All Assignments are voided, as the Substitution of Trustee assignment omitted the name of the lender on the recorded instrument, pursuant to the Deed of Trust.

8) Defendants are in violation of Article VII of defendant's bylaws, as defendant never submitted or provided any authorization signed by an officer of U.S. Bank et al., or such employee or agent as may be designated from time to time by the board by resolution, or by the Chairman or the President by written instrument, which resolution or instrument shall be certified as in effect by the Secretary or an Assistant Secretary of U.S. Bank et al., for the Execution of Instruments. That is, all agreements, assignments, declarations, guarantees, affidavits, deeds, notes, mortgages, orders, conveyances, accounts, undertakings, releases, petitions, transfers, certificates, bonds, affidavits, proxies, etc., and other instruments or documents, signed, executed, verified, endorsed, delivered or accepted on behalf of U.S. Bank et al., whether is a fiduciary capacity or otherwise.

Accordingly, the Notice of Default, executed on Oct 17 2016, The Assignment of the Deed of Trust, executed Feb 9 2017, The Notice of Trustee's Sale, executed on Jan 25 2018, the Trustee Deed Upon Sale, on April 29 2019, the Notice to Vacate on May 14 2019, The Unlawful Detainer lawsuit filed on May 22, 2019, are all invalid and defective, see exhibits.

9) Defendant purchase of the property on April 24, 2019 was not in accordance with Civil Code section 2924(a)(6) under power of sale contained in the Deed of Trust.

10) Title of the property was not duly perfected by defendant, as defendant was not the real party in interest.

11) Counsel for defendant has not produced one shred of evidence to prove that defendant has legal claim to the property. Defendant (Plaintiff in UD case) does not exist. There is total insufficiency of evidence to prove the existence of defendant's claim.

12) Defendant did not incur or suffer any financial injury from the time the defendant acquired plaintiff's mortgage loan through foreclosure. If a party attempting to foreclose has not suffered financial damage, they have no right to sue.

13) Defendant's failed to perfect title in order to be entitled to file the UD lawsuit. The lawsuit is unenforceable and invalid as plaintiff does not have beneficial rights to file the UD lawsuit.

### FIRST CLAIM FOR RELIEF

(Wrongful Foreclosure)

Based on defective and inadmissible assignments, resulting in voided Notice of Trustee Sale and the Trustee's Deed Upon Sale. Defendant purchase of the property on April 24, 2019, was not in accordance with civil code section 2924(a)(6) under a power of sale contained in the Deed of Trust, as defendant was not the holder of the beneficial interest under the mortgage or deed of trust. *No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or substituted trustee under the deed of trust*, ccp section 2924(a)(6).

Defendant committed Wrongful Foreclosure by illegally foreclosing on plaintiff. The Wrongful Foreclosure by defendant caused plaintiff to suffer severe and extreme emotional and mental stress as well having to seek medical care in order to sleep at night.

### JURY DEMAND

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

**PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

Compensatory, general damages, and punitive damages, amounting to $950,000.00.

Dated: Dec 30, 2021

*[signature]*

Myron Hale, plaintiff pro per

# EXHIBITS

*not valid defective*

*MISSING NAME OF ORIGINAL LENDER*

①

RECORDING REQUESTED BY:

Clear Recon Corp.
4375 Jutland Drive, Suite 200
San Diego, California 92117

AND WHEN RECORDED MAIL TO:

Clear Recon Corp.
4375 Jutland Drive, Suite 200
San Diego, California 92117
866-931-0036

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No.: 047866-CA   Loan No.: ******9721
APN: 4007-004-009
Property Address: 6035 3RD AVE, LOS ANGELES, CA 90043

## SUBSTITUTION OF TRUSTEE

WHEREAS, MYRON HALE, A SINGLE MAN was the original Trustor and ORANGE COAST TITLE CO. was the original Trustee under that certain Deed of Trust dated 9/26/2007 and recorded on 10/1/2007, as Instrument No. 20072248678, of Official Records of Los Angeles County, California, and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned substitutes a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW, THEREFORE, the undersigned hereby substitutes CLEAR RECON CORP., whose address is 4375 Jutland Drive Suite 200, San Diego, California 92117, as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated: 9-30-16

Ditech Financial LLC FKA Green Tree Servicing LLC

Roderick C. Coleman
Assistant Vice President

State of Texas
County of Dallas

On 9-30-16 before me, Pat Klement, a notary public, personally appeared Roderick C. Coleman who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of said State that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Pat Klement (Seal)
Pat Klement

PAT KLEMENT
Notary Public, State of Texas
Comm. Expires 11-21-2017
Notary ID 5307973

CRC SOT 09122014

 

*DEED OF TRUST* ②

3213426951

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.




# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# FORM T-1

### STATEMENT OF ELIGIBILITY UNDER
### THE TRUST INDENTURE ACT OF 1939 OF A
### CORPORATION DESIGNATED TO ACT AS TRUSTEE

Check if an Application to Determine Eligibility of
a Trustee Pursuant to Section 305(b)(2)

# U.S. BANK TRUST NATIONAL ASSOCIATION
(Exact name of Trustee as specified in its charter)

41-1973763
I.R.S. Employer Identification No.

300 East Delaware Avenue, 8th Floor
Wilmington, Delaware
(Address of principal executive offices)

19809
(Zip Code)

Patrick J. Crowley
U.S. Bank National Association
100 Wall Street, Suite 1600
New York, NY 10005
Telephone (212) 361-2505
(Name, address and telephone number of agent for service)

*Exhibit 4*

**U.S. BANK TRUST NATIONAL ASSOCIATION**
*BYLAWS*

### ARTICLE I
*Meetings of Shareholders*

Section 1.1. *Annual Meeting.* The annual meeting of the shareholders, for the election of directors and the transaction of other business, shall be held at a time and place as the Chairman or President may designate. Notice of such meeting shall be given at least ten days prior to the date thereof, to each shareholder of the Association. If, for any reason, an election of directors is not made on the designated day, the election shall be held on some subsequent day, as soon thereafter as practicable, with prior notice thereof.

Section 1.2. *Special Meetings.* Except as otherwise specially provided by law, special meetings of the shareholders may be called for any purpose, at any time by a majority of the board of directors, or by any shareholder or group of shareholders owning at least ten percent of the outstanding stock. Every such special meeting, unless otherwise provided by law, shall be called upon not less than ten days prior notice stating the purpose of the meeting.

Section 1.3. *Nominations for Directors.* Nominations for election to the board of directors may be made by the board of directors or by any shareholder.

Section 1.4. *Proxies.* Shareholders may vote at any meeting of the shareholders by proxies duly authorized in writing. Proxies shall be valid only for one meeting and any adjournments of such meeting and shall be filed with the records of the meeting.

Section 1.5. *Quorum.* A majority of the outstanding capital stock, represented in person or by proxy, shall constitute a quorum at any meeting of shareholders, unless otherwise provided by law. A majority of the votes cast shall decide every question or matter submitted to the shareholders at any meeting, unless otherwise provided by law or by the Articles of Association.

### ARTICLE II
*Directors*

Section 2.1. *Board of Directors.* The board of directors (hereinafter referred to as the "board"), shall have power to manage and administer the business and affairs of the Association. All authorized corporate powers of the Association shall be vested

ARTICLE VI
Corporate Seal

Section 6.1. The Association shall have no corporate seal; provided, however, that if the use of a seal is required by, or is otherwise convenient or advisable pursuant to, the laws or regulations of any jurisdiction, the following seal may be used, and the Chairman, the President, the Secretary and any Assistant Secretary shall have the authority to affix such seal:

ARTICLE VII
Miscellaneous Provisions



Section 7.1. *Execution of Instruments*. All agreements, checks, drafts, orders, indentures, notes, mortgages, deeds, conveyances, transfers, endorsements, assignments, certificates, declarations, receipts, discharges, releases, satisfactions, settlements, petitions, schedules, accounts, affidavits, bonds, undertakings, guarantees, proxies and other instruments or documents may be signed, countersigned, executed, acknowledged, endorsed, verified, delivered or accepted on behalf of the Association, whether in a fiduciary capacity or otherwise, by any officer of the Association, or such employee or agent as may be designated from time to time by the board by resolution, or by the Chairman or the President by written instrument, which resolution or instrument shall be certified as in effect by the Secretary or an Assistant Secretary of the Association. The provisions of this section are supplementary to any other provision of the Articles of Association or Bylaws.

Section 7.2. *Records*. The Articles of Association, the Bylaws and the proceedings of all meetings of the shareholders, the board, and standing committees of the board, shall be recorded in appropriate minute books provided for the purpose. The minutes or each meeting shall be signed by the Secretary, or other officer appointed to act as Secretary of the meeting.

Section 7.3. *Trust Files*. There shall be maintained in the Association files all fiduciary records necessary to assure that its fiduciary responsibilities have been properly undertaken and discharged.

Section 7.4. *Trust Investments*. Funds held in a fiduciary capacity shall be invested according to the instrument establishing the fiduciary relationship and according to law. Where such instrument does not specify the character and class of investments to be made and does not vest in the Association a discretion in the matter, funds held pursuant to such instrument shall be invested in investments in which corporate fiduciaries may invest under law.

Section 7.5. *Notice*. Whenever notice is required by the Articles of Association, the Bylaws or law, such notice shall be by mail, postage prepaid, telegram, in person, or by any other means by which such notice can reasonably be expected to be received, using the address of the person to receive such notice, or such other personal data, as may appear on the records of the Association. Prior notice shall be proper if given not more than 30 days nor less than 10 days prior to the event for which notice is given.

ARTICLE VIII
Indemnification

Section 8.1. The Association shall indemnify such persons for such liabilities in such manner under such circumstances and to such extent as permitted by Section 145 of the Delaware General Corporation Law, as now enacted or hereafter amended. The board of directors may authorize the purchase and maintenance of insurance and/or the execution of individual agreements for the purpose of such indemnification to the extent consistent with 12 CFR 7.2014(b)(2), and the Association shall advance reasonable costs and expenses (including attorneys' fees) incurred in defending any action, suit or proceeding to all persons entitled to indemnification under this Section 8.1, all in the manner,

https://www.sec.gov/Archives/edgar/data/12978/000091205702016107/a2076291zex-25_1.htm

